**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 95-30537

(Summary Calendar)
_____

DIANA J PAHAL,

                              Plaintiff-Appellant

and

MICHAEL PAHAL,

                              Plaintiff,

versus

STATE   FARM   MUTUAL   AUTOMOBILE
INSURANCE COMPANY,

                              Defendant-Appellee.

_____

Appeal from the United States District Court
For the Western District of Louisiana
(93-CV-1696)
_____

March 7, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Plaintiff Diana J. Pahal appeals the district court's grant of

summary judgment denying her ERISA claim brought to recover

benefits under an accidental death and disability plan.  We affirm.

_____

    [*]    Pursuant to Local Rule 47.5, the Court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in Local Rule 47.5.4.

Pahal, an employee of State Farm Mutual Auto Insurance Company ("State Farm"), suffered a serious neck injury at work in 1984. Although she continued to experience physical difficulties as a result of the injury, Pahal returned to work shortly after the accident and remained an employee of State Farm until the end of 1991. Approximately ten months after her injury, Pahal enrolled in the Accidental Death and Disability plan ("the AD&D plan"), a supplemental benefits plan which was wholly funded by employee contributions and administered by State Farm. The AD&D plan provided coverage for "accidental injuries," defined as "bodily injury caused by accident occurring while the policy is in force."

Six years after her initial injury, Pahal suffered a ruptured disk which required corrective surgery. She did not return to work after surgery, and was terminated upon the expiration of her medical leave. Pahal applied for "permanent and total disability" benefits under the AD&D plan. Upon review, the plan administrator denied her application. Pahal resubmitted her claim for review by an employee panel, and it was again denied. Pahal then filed suit in district court under the Employee Retirement Income Security Act of 1974 ("ERISA"), seeking judicial review of State Farm's denial of benefits under the AD&D plan, pursuant to 29 U.S.C. § 1132 (a)(1)(B). The district court granted summary judgment in favor of State Farm. Pahal filed a timely notice of appeal.

II

Summary judgment is proper where the record reveals that there

is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). We review the district court's grant of summary judgment *de novo* and apply the same standard of review as the district court. *Duhon v. Texaco, Inc.*, 15 F.3d 1302, 1305 (5th Cir. 1994). Where the benefit plan grants an administrator or fiduciary discretionary authority, the district court properly reviews the plan administrator's denial of benefits for abuse of discretion. *Sweatman v. Commercial Union Ins. Co.*, 39 F.3d 594, 601 (5th Cir. 1994); *Pierre v. Connecticut Gen. Life Ins. Co.*, 932 F.2d 1552, 1562 (5th Cir.), *cert. denied*, 502 U.S. 973, 112 S. Ct. 453, 116 L. Ed. 2d 470 (1991).[1] Pursuant to its fiduciary duty as plan administrator, State Farm must provide a "full and fair review" of claim denials. 29 U.S.C. § 1133(2); *Pierre*, 932 F.2d at 1557.

Pahal claims that the plan administrator erred in denying her claim for benefits on the ground that she had not experienced an accidental injury during the plan's coverage period. In evaluating whether the plan administrator abused its discretion, the court is limited to the evidence before the plan administrator at the time

---

[1] Pahal contends that the district court erred by not applying the two-prong test for abuse of discretion articulated in *Dennard v. Richards*, 681 F.2d 306, 314 (5th Cir. 1982). Application of this test is not mandatory. *Chevron Chem. v. Oil, Chemical and Atomic Workers Local Union 4-447*, 47 F.3d 139, 145 (5th Cir. 1995); *Duhon v. Texaco, Inc.*, 15 F.3d 1302, 1307 n.3 (5th Cir. 1994); *see also Trahan v. BellSouth Telecommunications, Inc.*, 847 F. Supp. 54, 56 (W.D. La. 1994) (noting that two-prong test has been utilized exclusively in cases involving plan interpretation). Thus, the district court did not err by not applying the *Dennard* two-prong test.

the factual determinations were made. *Southern Farm Bureau Life Ins. Co. v. Moore*, 993 F.2d 98, 102 (5th Cir. 1993). In the instant case, the evidence before the plan administrator included: (1) multiple accident report and disability claim forms, completed by Pahal herself, listing the date of injury as March 24, 1984; (2) the medical report of Dr. Roy G. Clay, one of Pahal's treating physicians, who reported that Pahal remained symptomatic after the 1984 injury and opines that "since she was asymptomatic prior to the injury, and since her symptoms have focused upon this area, it is not unreasonable to implicate the injury as the causative factor"; (3) the medical report of Dr. Arias Cox, one of Pahal's evaluating physicians, which states that Pahal experienced persistent neck problems following the 1984 injury, and concludes that the 1991 surgery was necessary to correct the 1984 neck injury; and (4) Dr. Robert Wharen's statement of disability.[2]

We conclude that the record supports the plan administrator's determination that Pahal did not experience an "accidental injury" during the period of her coverage under the AD&D plan.[3] In order

---

[2] Pahal alleges that the district court erroneously refused to consider the deposition of Dr. Robert Wharen, in which he speculates that Pahal's injury may not have been directly caused by the 1984 accident. This claim is without merit. As noted above, the court is limited to the evidence that was before the plan administrator. *Moore*, 993 F.2d at 102. Dr. Wharen's deposition was taken only *after* the second denial of Pahal's claim for benefits, and was therefore not included in the evidence considered by the plan administrator.

[3] Pahal contends that State Farm was operating under a conflict of interest because it acted as plan administrator, and should therefore have obtained independent medical reviews to ascertain the date of Pahal's injury. Our precedent establishes that independent review is not required where, as in this case, all necessary information is otherwise available. *See Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1015 (5th Cir. 1992) (holding that plan administrator may rely on treating physician's reports unless reports fail to provide all necessary information). Without discussion, Pahal also argues that State Farm breached its fiduciary duty to her. We decline to review issues

to qualify for benefits under the plan, Pahal must have suffered a "bodily injury caused by accident occurring while the policy is in force." In light of the evidence before the plan administrator, most notably Pahal's own statements and the reports of her treating physicians, we find that it was not an abuse of discretion for the plan administrator to conclude that Pahal's injury occurred in 1984, prior to her enrollment in the AD&D plan.[4]

### III

For the foregoing reasons, the district court's grant of summary judgment is AFFIRMED.

---

raised on appeal that are not adequately developed. *Bank One, Texas, N.A. v. Taylor*, 970 F.2d 16, 27 (5th Cir. 1992), *cert. denied*, ___ U.S. ___, 113 S. Ct. 2331, 124 L. Ed. 2d 243 (1993).

[4] Pahal also contends that State Farm improperly denied her benefits because the policy did not exclude pre-existing conditions. This argument lacks merit. The terms of the plan))an "occurrence" plan))necessarily exclude pre-existing conditions by requiring that the "accidental injury" have occurred during the coverage period. The policy also specifically excludes injury caused by "sickness, illness, or bodily infirmity."